# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 26-cv-22685-BLOOM

LIAT MESUDI AVITAL,

      Petitioner,

v.

WARDEN, Broward Transitional Center; GARRETT
J. RIPA, Director of Miami Field Office, U.S. Immigration
and Customs Enforcement; TODD LYONS, Acting Director
of U.S. Immigration and Customs Enforcement, in his
official capacity; MARKWAYNE MULLIN, Secretary of
the U.S. Department of Homeland Security; and TODD
BLANCHE, Attorney General of the United States,
in their official capacities.

      Respondents.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon Petitioner Liat Mesudi Avital's ("Petitioner")

Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and the Suspension

Clause with Request for Immediate Release or, in the Alternative, Emergency Bond Hearing. ECF

No. [1]. Petitioner alleges that she has been unlawfully detained in Immigration and Customs

Enforcement ("ICE") custody. *Id*. Also before the Court is Petitioner's Application for Ex Parte

Temporary Restraining Order ("TRO Application"), ECF No. [3], in which Petitioner requests that

the Court (i) enjoin Respondents from removing Petitioner from the United States pending further

order of this Court ("Request 1"); (ii) enjoining Respondents from transferring Petitioner from the

Southern District of Florida ("Request 2"); (iii) direct Respondents to permit Petitioner to meet

and confer with counsel and to have counsel present during any questioning or interviews

("Request 3"); (iv) enjoin Respondents from presenting to Petitioner, or accepting from Petitioner,

any voluntary departure agreement, withdrawal of her pending VAWA application (Receipt No. LIN2505550328), adjustment application (Receipt No. LIN2505550336), or any voluntary relinquishment of legal status, absent the presence of counsel ("Request 4"); and (v) direct Respondents to show cause within three (3) days of entry of this Order why a writ of habeas corpus should not issue pursuant to 28 U.S.C. § 2243 ("Request 5"). *Id.* at 4.

28 U.S.C. § 2243 provides that "[a] court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's TRO Application**, ECF No. [3]**, is **GRANTED in part** as to Request 1, Request 2, and Request 5. The Court hereby reserves consideration of Request 3 and Request 4 of Petitioner's TRO Application until Respondents comply with the terms of this Order.

2. Counsel for Respondents shall immediately notify the Court of receipt of this Order and the name of the Assistant United States Attorney to whom the case is assigned.

3. **On or before April 22, 2026**, Respondents shall file a memorandum of fact and law to show cause why the Petition and Request 3 and Request 4 in Petitioner's TRO Application should not be granted and shall file all documents and transcripts necessary for resolution of the Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").

4. Respondents are reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes."); *Rodriguez v Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the [] answer and filed with the Court must be served on the habeas petitioner.").

5. Petitioner may, but is not required to, file a reply within **three (3) days** of the date on which the Court dockets the Response. The reply, if any, **shall not exceed ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); L.R. 5.1(a)(4).

6. Furthermore, to preserve the status quo and the Court's jurisdiction, Respondents shall not remove Petitioner from the United States or the Southern District of Florida until further order of the Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits).

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

3